RENDERED:  JUNE 17, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1531-MR

JAMES HARRISON                                                          APPELLANT

v.         APPEAL FROM FRANKLIN CIRCUIT COURT
           HONORABLE THOMAS D. WINGATE, JUDGE
           ACTION NO. 20-CI-00525

CABINET FOR HEALTH AND
FAMILY SERVICES; DAVID T.
LOVELY; JANE DOE, AS
CUSTODIAN OF RECORDS; JENNA
DAVIS; JOHN DOE, AS CUSTODIAN
OF RECORDS; AND WESLEY DUKE                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE:  James Harrison appeals the Franklin Circuit Court's August 10,

2020 opinion and order dismissing as moot his petition against the Cabinet for

Health and Family Services (CHFS) to enforce an Attorney General's Open

Records Act opinion in his favor. The case was dismissed after the circuit court found CHFS had provided the requested record. We affirm.

## BACKGROUND

James Harrison is an inmate at Green River Correctional Complex, operated by the Department of Corrections (DOC). He began his time in prison in relatively good health but, in 2016, he began having respiratory problems requiring medication. Four years later, inmates began contracting COVID-19.

Harrison was transferred to a new cell dormitory and was told he needed to be held there for fourteen days.[1] During segregation, DOC medical personnel did not provide Harrison with his respiratory medication or a mask, nor did they enable Harrison to connect to his nebulizer.

Harrison was concerned medical agents were not following lawful protocols. He pursued an Open Records request with CHFS for a record describing the protocols. CHFS denied the request pursuant to KRS 197.025.[2]

Dissatisfied with the response, Harrison appealed to the Attorney General. CHFS defended by stating it interpreted the request "to be one for inmate

---

[1] Harrison says in his brief there were eleven cell blocks that had inmates who tested positive for COVID-19.

[2] KRS 197.025(2) states, the Department of Corrections "shall not be required to comply with a request for any record from any inmate confined in a jail or any facility or any individual on active supervision under the jurisdiction of the department, unless the request is for a record which contains a specific reference to that individual."

-2-

records" and by claiming the DOC is the proper authority to respond to a request for DOC-specific guidance. On June 4, 2020, the Office of the Attorney General issued 20-ORD-083, *In re: James Harrison/Cabinet for Health and Family Services*. In its opinion, the Attorney General decided CHFS did have at least one non-exempt record responsive to his request; therefore, when it refused to produce the record, CHFS violated the Open Records Act.

Harrison sought to enforce the Attorney General opinion by petitioning the circuit court for: (1) an order requiring CHFS to respond and provide the requested record; (2) a copy of the Green River Correctional Complex's mail registry to prove the requested record was not sent; and (3) a finding he was prejudiced and substantially harmed by the CHFS failing to produce the records. CHFS presented evidence it had already provided the record in compliance with the Attorney General opinion and moved to dismiss the action as moot. The circuit court was persuaded by the evidence and granted the motion. This appeal followed.

## STANDARD OF REVIEW

As an appellate court, we review the trial court's granting of a motion to dismiss *de novo*. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

## ANALYSIS

Harrison argues the Franklin Circuit Court erred by not holding CHFS to their burden under KRS 61.882. Harrison cites the wrong statute.

KRS 61.882(3) states:

> In an appeal of an Attorney General's decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the court shall determine the matter de novo. In an original action or an appeal of an Attorney General's decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the burden of proof shall be on the public agency. The court on its own motion, or on motion of either of the parties, may view the records in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.

Harrison is not appealing the Attorney General's opinion. Instead, he is seeking to enforce it. He wants a finding consistent with 20-ORD-083; therefore, the applicable authority is KRS 61.880(5)(b).

> If an appeal is not filed within the thirty (30) day time limit, the Attorney General's decision shall have the force and effect of law and shall be enforceable in the Circuit Court of the county where the public agency has its principal place of business or the Circuit Court of the county where the public record is maintained.

*Id.*

Regardless, the circuit court found CHFS provided evidence that it mailed the appropriate document to Harrison on June 8, 2020. Therefore, there

was nothing for the circuit court to order or enforce. Harrison's action was moot as there was no case or controversy to decide.

## **CONCLUSION**

Based on the foregoing, the Franklin Circuit Court's August 10, 2020 order dismissing Harrison's action is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

James Harrison, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE:

Jenna Davis
Frankfort, Kentucky